Kristin Zilberstein, Esq. (47798)
The Law Offices of Michelle Ghidotti
1920 Old Tustin Ave.
Santa Ana, CA 92705
Phone: (949) 427-2010
Email: kzilberstein@ghidottilaw.com

## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF WASHINGTON, SPOKANE/YAKIMA

| | |
|---|---|
| In re: | **CHAPTER 7 BANKRUPTCY** |
| MARK ANTHONY DASHNAW | **CASE NO.: 15-00939-FPC13** |
| Debtor. | MOTION FOR RELIEF FROM STAY BY MOVANT PARK TREE INVESTMENTS 11, LLC, (11 U.S.C. *Section* 362 Bankruptcy Rule 4001) |

## I.  INTRODUCTION

**COMES NOW,** US Bank Trust N.A., as trustee of Bungalow Series F Trust ("**Movant**") and moves this Court for an order terminating the automatic stay, allowing Movant to proceed with and complete any and all contractual and statutory remedies incident to its security interest held in real property commonly described as 921 Cashmere St., Wenatchee, WA 98801 (the "**Property**"), and legally described as set forth in the Deed of Trust attached as an Exhibit to the declaration in support of US Bank Trust N.A., as trustee of Bungalow Series F Trust Motion for Relief from Stay, on file with the Court. Movant further seeks relief in order to, at its option, offer, provide and enter into any

Motion for Relief
Page 1

**THE LAW OFFICES OF MICHELLE GHIDOTTI**
**MICHELLE R. GHIDOTTI-GONSALVES**
**1920 OLD TUSTIN AVE.**
**SANTA ANA, CA 92705**
**OFFICE: (949) 427-2010**
**FAX: (949) 427-2732**

potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement and to contact the Borrowers via telephone or written correspondence to offer such an agreement, which shall be non-recourse unless included in a reaffirmation agreement. Movant further moves that, absent objection, the provisions of F.R.B.P. 4001(a)(3) be waived to avoid further deterioration of Movant's secured position.

## II. JURISDICTION

This Court has jurisdiction over this proceeding pursuant to 28 U.S.C § 1334 and 28 U.S.C. § 157(b)(2)(G). This case relates to a case under Title 11 of the United States Code ("**Code**"). This proceeding is defined as a "core proceeding" as that is defined in the Code.

## III. PARTIES IN INTEREST

On or about December 27, 2007, Mark A. Dashnaw (the "**Debtor**") executed a Note (the "**Note**") in favor of American Mortgage Network, Inc., with an original principal balance of $91,600.00. On or about December 27, 2007, Debtor executed a deed of trust (the "**Deed of Trust**") in favor of American Mortgage Network, Inc., encumbering the Property and securing the Note.

Thereafter Mortgage Electronic Registration Systems, Inc., as Nominee for American Mortgage Network, Inc., transferred all beneficial interests in the Assignment of Deed of Trust to JPMorgan Chase Bank, National Association, recorded in the Official Records of Chelan County, WA as Document No.: 2363936 (the "**First Assignment**").

Thereafter, all beneficial interests in the Deed of Trust were assigned by Assignment of Deed of Trust, from JPMorgan Chase Bank, National Association, to Federal National Mortgage Association, recorded on April 25, 2014, as Document No.: 2399342 (the "**Second Assignment**").

Thereafter all beneficial interests in the Deed of Trust were assigned by Corporate Assignment of Deed of Trust from Federal National Mortgage Association, to US Bank Trust N.A.

Motion for Relief
Page 2

**THE LAW OFFICES OF MICHELLE GHIDOTTI**
**MICHELLE R. GHIDOTTI-GONSALVES**
**1920 OLD TUSTIN AVE.**
**SANTA ANA, CA 92705**
**OFFICE: (949) 427-2010**
**FAX: (949) 427-2732**

as Trustee of Bungalow Series F Trust, recorded on June 28, 2017, as Document No.: 2460057 (the "**Third Assignment**").

On March 17, 2015, the Debtor filed for protection under Chapter 13 of Title 11 of the United States Code (the "**Instant Petition**").

### IV. STANDING

Under 11 U.S.C. § 362, a party seeking relief from stay must be a "party in interest." To establish that Movant is a "party in interest," it must establish that it has at least a colorable claim to the property that is the subject of the motion. In the case at bar, Movant's claim is based on the Note and Deed of Trust attached to the declaration in support US Bank Trust N.A., as trustee of Bungalow Series F Trust's Motion for Relief from Stay, on file with the Court. Movant's interest in the Note and Deed of Trust is described above.

The Deed of Trust acts as the security for the Debtor's payment on the Note. The Deed of Trust is recorded with the county in which the property is situated as evidence of the debt described in the Note for the benefit of any subsequent parties that may take an interest in the property described.

The Note is a negotiable instrument as that term is defined by R.C.W. § 62A.3-104. Under the terms of the Note a borrower is obligated to pay the instrument according to its terms at the time it was issued. Movant is entitled to enforce the note under R.C.W. § 62A.3-104.

Under R.C.W. § 62A.3-301(i), the holder of a negotiable instrument is entitled to enforce that instrument. The term "holder" includes the person in possession of a negotiable instrument that is payable to a bearer that is in possession. R.C.W. § 62A.1-201. A note indorsed to a specific person or entity is a note "Specially Indorsed." R.C.W. § 62A.3-205. The transfer of a note secured by a deed of trust carries with it the security agreement as incident. See *Spencer v. Alki Point Transportation Company*, 53 Wash. 77, 101 P. 509 (Wash. 1909). Movant is the current holder of a

Motion for Relief
Page 3

**THE LAW OFFICES OF MICHELLE GHIDOTTI**
**MICHELLE R. GHIDOTTI-GONSALVES**
**1920 OLD TUSTIN AVE.**
**SANTA ANA, CA 92705**
**OFFICE: (949) 427-2010**
**FAX: (949) 427-2732**

Note and Deed of Trust which encumbers the Property that is senior in Priority to the Note and Deed of Trust, held by Debtor, which further encumbers the Property. Movant submits that cause exists to grant relief under Section 362(d)(1). Bankruptcy Code Section 362(d)(1) provides that a party may seek relief from stay based upon "cause," including lack of adequate protection. Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion. Therefore, Movant has standing to seek relief from stay.

## V. INSTALLMENT DEFAULT

As of September 26, 2018, the Borrowers are due for the following monthly mortgage payments:

| Payment Due Date | November 1, 2015 |
|---|---|
| Payments due through 9/26/18 | $22,881.14 |
| Other Fees | $11.00 |
| Fees | $2,062.00 |
| Unpaid Fees | 170.65 |
| Escrow Advances | $0.00 |
| Attorney Fees for MFR | $1,081.00 |
| Property Inspection | $165.00 |
| Total Default | $ 26,370.79 |

## VI. AUTHORITY

**A.  Cause Exists to Grant Relief Pursuant to Section 362(d)(1); Lack of Adequate Protection**

Movant submits that cause exists to grant relief under *Section 362(d)(1)*. Bankruptcy Code *Section 362(d)(1)* provides that a party may seek relief from stay based upon "cause,"

Motion for Relief
Page 4

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
1920 OLD TUSTIN AVE.
SANTA ANA, CA 92705
OFFICE: (949) 427-2010
FAX: (949) 427-2732

including lack of adequate protection.   Adequate protection can be offered in the form of cash or periodic payments or the existence of a sufficient equity cushion.

Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant, as called for by the Note.  The Debtor has not made a mortgage payment to Movant in **thirty-five (35) months**.  A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. (*In re Trident Corp.*, 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (Bankr. E.D. Pa. 1982 (citing *In re Hinkle*, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also *In re Jones*, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing *Hinkle*, 14 BR at 204)).  The Borrower's failure to tender regular ongoing monthly mortgage payments is sufficient cause to terminate the automatic stay.

In connection to the Instant Petition Debtor filed a Chapter 13 Plan in which Debtor proposed to maintain current post-petition monthly payments to Movant.  Debtor failed to do so.  On March 19, 2018, Movant filed a Motion for Relief from Stay asserting that Debtor was due and owing for sixteen (16) monthly mortgage payments.  Debtor agreed to file an Amended Plan to provide for the post-petition default.  Debtor thereafter converted the Instant Petition to a Chapter 7 Petition on September 24, 2018.  Movant seeks relief from stay as a result of the payment default and has filed a second motion for relief to proceed with non-judicial foreclosure.

**B.   RELIEF FROM STAY SHOULD BE GRANTED UNDER 11 U.S.C. SECTION 362(D)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY.**

Bankrupcty Code *Section 362(d)(2)* provides for relief from the automatic stay if the Debtors do not have equity in the property and the property is not needed for an effective reorganization. The burden is on the Debtors to prove the Property is necessary to effect reorganization.  In re Gauvin, 24 B.R. 578,580 (9th Cir.B.A.P. 1982).

Motion for Relief
Page 5

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
1920 OLD TUSTIN AVE.
SANTA ANA, CA 92705
OFFICE: (949) 427-2010
FAX: (949) 427-2732

### 1.   There is No Equity in the Subject Property

Pursuant to *11 U.S.C. Section* 362*(d)(2)(A)* the Debtors do not have equity in the Property.  Pursuant to Debtor's Schedule "A" the value of the Property is no less than $85,388.00. The total owed to Creditor is no less than $109,024.07.  Debtor thus has no equity in the Property to provide Creditor with adequate protection.

### 2.   The Property is Not Necessary for an Effective Reorganization

Relief from stay is warranted where the Debtors fail to, "present any evidence about what their reorganization plan is or when it could be proposed and brought to fruition. . ."; without evidence these Debtors have, "failed to meet [their] burden of showing the "essential" connection between the property and a reasonably possible, successful reorganization in a reasonable time." In re Teresi, 134 B.R. 392, 398 (Bankr.E.D.Cal. 1991).  Here, the Debtor has converted his case to a Chapter 7 Petition and no longer seeks to reorganize Movant's Claim.  Thus, Movant's Motion should be granted Pursuant to *11 U.S.C. 362(d)(2)* because the Property is not necessary for effective reorganization.

## VII.   CONCLUSION

THEREFORE, Movant respectfully requests an Order be entered by this Court as follows:

1.  Terminating the automatic stay pursuant to 11 U.S.C. §362 allowing Movant to immediately proceed with and complete any and all contractual and statutory remedies incident to the security interest held under its Note and Deed of Trust in the Property;

2.  That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived;

3.  Granting Movant leave to foreclose on the Property and to enforce the security interest under the Note and Deed of Trust, including any action necessary to obtain possession of the Property;

Motion for Relief
Page 6

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
1920 OLD TUSTIN AVE.
SANTA ANA, CA 92705
OFFICE: (949) 427-2010
FAX: (949) 427-2732

4.   Permitting Movant to offer and provide Borrowers with information regarding a potential forbearance agreement, loan modification, refinance agreement, or other loan workout/loss mitigation agreement and to enter into such agreement with Borrowers;

5.   That the attorney's fees and costs incurred by Movant for filing the instant Motion be included in the outstanding balance of the Note as allowed under applicable non-bankruptcy law; and

6.   For such other and further relief as the Court deems just and proper.


THE LAW OFFICES OF MICHELLE GHIDOTTI

DATED: October 11, 2018       By: /s/ Kristin Zilberstein
                              Kristin Zilberstein, Esq., WSBA# 47798
                              Attorney for US Bank Trust N.A., as trustee of
                              Bungalow Series F Trust

Motion for Relief
Page 7

THE LAW OFFICES OF MICHELLE GHIDOTTI
MICHELLE R. GHIDOTTI-GONSALVES
1920 OLD TUSTIN AVE.
SANTA ANA, CA 92705
OFFICE: (949) 427-2010
FAX: (949) 427-2732